## BOAZ v. LEDENHAM et al.
### No. 2711.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1932.

Rehearing Denied Oct. 20, 1932.

W. C. Jackson, of Ft. Stockton, for appellant.

W. B. Silliman and W. A. Hadden, both of Ft. Stockton, for appellees.

WALTHALL, J.

Albert Ledenham brought this suit against Z. Boaz, A. F. Clarkson, and Bob Murchison, the last-named two being a partnership and sued individually and as a partnership, to recover the value of a cement tank and three cement troughs of the alleged agreed value of $390, and alleged to have been orally contracted by defendants with plaintiff to be built at plaintiff's expense for defendants on defendant's ranch in Pecos county. Plaintiff alleged that he erected said tank and troughs as agreed, which were accepted by defendants and each of them, demand and refusal to pay.

Plaintiff sues in the alternative, that if mistaken as to the making of a contract for said work and material, then he alleges that he built for defendants said tank and troughs upon the ranch of defendants which were accepted by defendants and now in their possession and use for watering their live stock, and that said tank and troughs are reasonably worth the amount sued for.

Murchison and Clarkson individually and as a partnership answered by general denial, and further say: That if said tank and troughs were erected as alleged, same were erected on lands, the property of defendant Z. Boaz, and which lands said Boaz had leased to them for a term of years, and under said lease terms said Boaz was to properly prepare watering facilities for live stock on said lands, and if said tank and troughs were erected by plaintiff same were erected under said lease contract at the request and expense of said Boaz, and that said Boaz knew of said contract, and agreed, acquiesced, and confirmed same as his contract. Defendants Murchison and Clarkson asked judgment over and against Boaz, should they be cast in the suit.

Defendant Boaz answered by general denial, and specially denied that the debt was his; denied that he agreed to pay same, and asked judgment over and against the other defendants in the event judgment is against him.

The case was tried without a jury, and judgment rendered in favor of plaintiff against defendant Boaz, who prosecutes this appeal.

We have found no briefs in the record for plaintiff, nor for any of the defendants except Z. Boaz.

Without quoting the evidence, it shows substantially the following:

■ C. P. Chick testified: He made the contract with defendant Bob Murchison, for plaintiff Ledenham to build the tank and troughs, same to cost $390; Ledenham to furnish all labor and material. The tank and troughs were to be built on the ranch where Murchison lived on Boaz' land. Over objection of Boaz, witness was permitted to say: "Murchison said he was making the contract for the defendant Boaz." We think the remark was not objectionable as establishing agency in Murchison. The point was to show that the tank and troughs were to be made for Boaz. The evidence might not have been sufficient to show a contract by Boaz, unless followed up by evidence of authority in Murchison to act for Boaz.

H. C. Davis testified: He built the tank and troughs according to the plans and specifications furnished by Ledenham. The reasonable price for building the tank and troughs was $390.

Bob Murchison testified: Witness leased, in writing, the pasture in question from Boaz. In that contract Boaz was to build certain water tanks and troughs. Witness made the contract with C. P. Chick for plaintiff to build the tank and troughs. The only contract witness had with Boaz which authorized him to contract for the tank and troughs was the lease contract, which was in writing. Triplicate copies of the lease contract were made and a copy was delivered each to witness, Clarkson and Boaz. Without quoting from the evidence, no one of the triplicate copies of the lease contract was offered in evidence.

Over objection of Boaz, witness was permitted to testify: "The written contract provided: Z. Boaz agreed to furnish necessary pipe to convey water about two miles southeast of the ranch house and then erect necessary water troughs and tank, etc."

Witness then testified that the tank and troughs were necessary, and were located at the place named in the contract. Witness was permitted to testify over objection of Boaz: "I do say that in the written contract

with Boaz he agreed to pay for tank and troughs at location sued for in this case," and that after this tank and troughs were built he told me he would pay for them.

■ It was objectionable to permit witness to state the contents or provisions of the written lease where, as here, the lease had not been sufficiently accounted for, nor sufficient notice to produce shown. But we think, in view of the whole record, the error is not a reversible error. Bills of exception were taken to other statements of the witness which we have considered but do not think they show reversible error.

■ Witness was permitted, over objection, to testify: A few weeks before the trial witness saw Boaz in San Angelo, Tex., talked to him about the tank and troughs and this suit. At that time Boaz said he would pay Ledenham for the tank and troughs sued for in this case.

To the above statement appellant submitted a number of objections; no consideration, no pleading, the promise was to pay the debt of another and was not in writing. We think none of the objections are tenable. The consideration is apparent, being on Boaz' land; not necessary to plead the ratification. Texas Jurisprudence, vol. 2, pp. 636 and 637, and notes. The record does not show the debt to be the debt of another. The statement is a ratification of the acts of Murchison as agent in contracting for the tank and troughs.

Ledenham testified that he had made a contract with Bob Murchison for several concrete water tanks and troughs not involved here, on the Boaz ranch; that Boaz accepted said other tanks and troughs when completed, and gave his note in payment for same.

The record shows other evidence along the same line as above which we think it unnecessary to state.

While there were errors in permitting evidence of the contents of the written lease, and while the contract of Murchison for the construction of the tank and troughs, as agent of Boaz, would not show agency of Murchison or bind Boaz to pay for the tank and troughs, the statement made by Boaz to Murchison at San Angelo shows a full knowledge of what Murchison had done for him as his agent, his acceptance of what had been done, his admission of his indebtedness, a promise to pay; in fact a ratification by Boaz, as his agent, of what Murchison had done in contracting for the tank and troughs is clearly shown.

Ratification, in civil law, removes a multitude of errors.

Finding no reversible errors, the case is affirmed.